RESIDENCE OF DOMESTIC CORPORATION—ACTION BY NONRESIDENT—VENUE.
    The residence of a domestic corporation is the county where it has its principal place of business, and it may remove an action brought against it by a nonresident in another county, where it also has a place of business, to the county of its residence.

Appeal from special term.

Action by Lewis R. Speare against the Troy Laundry Machinery Company. From an order of a special term of the supreme court denying defendant's motion for change of venue, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Lewis E. Carr, for appellant.

Charles H. Luscomb, for respondent.

VAN BRUNT, P. J. Under the rule laid down in the case of Iron Works v. Westbrook, 59 Hun, 345, 13 N. Y. Supp. 141, the residence of the defendant was in the city of Troy, Rensselaer county, state of New York. It is a domestic corporation, and it appears that its principal office and place of business is in said city. The plaintiff is a nonresident. Consequently the defendant, as a matter of right, is entitled to a change of venue. Some suggestions have been made that for certain reasons the trial should not take place in the city of Troy, and the case of Duche v. Sugar Co., 63 How. Prac. 516, is cited as authority that the court will consider whether a change is in the interests of justice. Upon an examination of that case it will be seen that there the right arising from residence to a change of venue had been waived by the defendant, and that, consequently, the motion was addressed to the discretion of the court.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

## HOPKINS v. RATHBUN.

(Supreme Court, Appellate Division, Third Department. November 21, 1899.)

PLEADING—BILL OF PARTICULARS.
    In an action to recover for legal services the answer was a general denial, and contained an allegation "that all legal services ever rendered to defendant, or any services of any kind rendered to defendant, by plaintiff's assignor, have been fully paid for by defendant." Held, that the allegations of payment refer to services other than those alleged in the complaint, and a bill of particulars of the payments is not necessary.

Appeal from special term.

Action by Frank Hopkins against Sarah A. Rathbun. From an order requiring defendant to serve a bill of particulars of payments, she appealed. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-
NAM, and MERWIN, JJ.

David N. Heller, for appellant.
G. L. Smith, for respondent.

PER CURIAM. The complaint asks to recover the reasonable
value of legal services rendered to the defendant by the plaintiff's
assignor at her request. The answer is a general denial and an al-
legation "that all legal services ever rendered to her, or any services
of any kind rendered to her, by the plaintiff's assignor, have been
fully paid for by this defendant." This is not an allegation of pay-
ment for the services specified in the complaint, since the answer de-
nies such services, instead of admitting them, and thus necessarily
refers to other services for which the plaintiff does not seek to re-
cover. Hence no bill of particulars was needful.

Order reversed, with $10 costs and disbursements, and motion de-
nied, with $10 costs.